UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONSHAUN NORWOOD,

      Movant,

                                         Case No. 1:16-cv-195

v.

                                         HON. JANET T. NEFF

UNITED STATES OF AMERICA,

      Respondent.

_____/

**O P I N I O N**

This matter comes before the Court on Movant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 1.) On May 2, 2016, the Government filed a response in opposition. (ECF No. 5.) The Court appointed counsel and stayed the motion, pending the Supreme Court's decision in *Beckles v. United States*, __ U.S. ___, 2017 WL 855781 (Mar. 6, 2017), and ordered Movant to file supplemental briefing post-*Beckles*. On March 17, 2017, Movant filed a supplemental brief, explaining that his challenge to the enhancement of his offense level under U.S.S.G. § 2K2.1 does not survive *Beckles*. (ECF No. 9.) For the reasons that follow, Movant's § 2255 motion is denied.

**I.**

On July 26, 2012, a grand jury indicted Movant on one charge of possession of a firearm and ammunition. (Indictment, *United States v. Norwood*, No. 1:12-cr-189 (W.D. Mich.), ECF No. 1.) On October 25, 2012, he pleaded guilty to the offense. The Court sentenced him to 84 months in prison. (J., *id.* at ECF No. 24, PageID.93-98.) On direct appeal, Movant challenged the Court's

application of a sentencing enhancement for possession of a firearm in connection with another felony. On May 20, 2014, the United States Court of Appeals for the Sixth Circuit rejected this argument and affirmed Movant's conviction and sentence. *United States v. Norwood*, No. 13-1315 (6th Cir. Apr. 25, 2014) (unpublished order). On February 22, 2016, Movant filed this motion to vacate, set aside, or correct his sentence under § 2255. In his supplement brief, Movant notes that only one of his claims has any arguable merit: his criminal sexual conduct conviction is not a crime of violence.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)).

Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Id.*

### III.

**A. Timeliness**

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") sets a one-year statute of limitations from the date of the final judgment for § 2255 petitions or the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f). A judgment is final 90 days from the appellate mandate. *Clay v. United States*, 537 U.S. 522 (2003).

The Sixth Circuit issued its mandate on May 20, 2014. (*Norwood*, No. 1:12-cr-189, at ECF No. 29.) Movant's conviction became final on August 18, 2014; and he had one year from that date to file his § 2255 motion. But Movant did not file his motion until February 22, 2016. The government argues that Movant did not timely file his petition, so his claims are time-barred. This

3

is true for all of Movant's claims except for his claim arising from *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]

On June 26, 2015, the Supreme Court held that the Armed Career Criminal Act's "residual clause"–which defined a "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)–is unconstitutionally vague in violation of due process. *Johnson*, 135 S. Ct. at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applied retroactively on collateral review. Therefore, Movant had one year from the date on which the right asserted was initially recognized by the Supreme Court–July 26, 2015–to file his § 2255 petition raising a *Johnson* claim. 28 U.S.C. § 2255(f)(3). Movant's *Johnson* claim is timely and the Court need not assess whether Movant is entitled to equitable tolling as to his other claims because Movant concedes that his *Johnson* claim[2] is the only arguably meritorious claim. (ECF No. 9, PageID.51.)

Movant raises two arguments in relation to his *Johnson* claim. First, Movant argues that his claim survives *Beckles v. United States*, __ U.S. ___, 2017 WL 855781 (Mar. 6, 2017), because the Supreme Court explicitly stated that its holding did not render the Guidelines immune from constitutional scrutiny. *Beckles*, 2017 WL 855781, at *9. Movant contends that he is permitted to raise an Eighth Amendment claim, and argues that the difficulties in interpreting the residual clause highlighted in *Johnson* leave the sentencing court without sufficient guidance to determine the

---

[1]Although Movant's § 2255 motion includes claims of ineffective assistance of counsel, in Movant's brief, he acknowledges that those claims are without merit. (ECF No. 9, PageID.51.) Thus, the Court will not consider those.

[2] Movant argues that the Court improperly enhanced his guideline sentence range because after *Johnson*, his conviction for criminal sexual conduct second-degree assault should not count as a crime of violence.

nature of a defendant's criminal history and thus, violate his rights under Eighth Amendment. (ECF No. 9, PageID.52.) This it not a true *Johnson* claim. Rather, this is an attempt to get around the statute of limitations by citing *Johnson*. In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") residual clause because its application violated due process. *Johnson*, 135 S. Ct. at 2557. Here, Movant does not allege a due process violation in relation to the Guidelines. That is because *Beckles* squarely denied such a challenge. *Beckles*, 2017 WL 855781, at *3. Because this is not a true *Johnson* claim—as it is not grounded in due process or the ACCA—it is untimely and the Court will not consider it.

Second, Movant argues that his criminal sexual conduct conviction is categorically not a crime of violence, so the Court should not have enhanced his offense level score based on that conviction under U.S.S.G. § 2K2.1. Again, this is not a true *Johnson* claim. *Johnson* addressed only the residual clause of the ACCA, not the Sentencing Guidelines. *Johnson*, 135 S. Ct. at 2557. Because Movant did not raise this claim within the one-year period after his judgment became final, it is untimely.

Equitable tolling may excuse an untimely-filed habeas petition, although its application is rare. *King v. Bell*, 378 F.3d 550, 553 (2004). A petitioner is entitled to equitable tolling if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing of his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling requires "reasonable diligence," not "maximum feasible diligence." *Id.* at 653 (internal quotations omitted).

Movant argues that his attorney should have objected to the enhancement during sentencing or on appeal, and that "an attorney's serious error can equitably toll the statute of limitations." (ECF

No. 9, PageID.56.) But counsel's failure to object during sentencing or raise the argument on appeal has no affect on Movant's ability to timely file his § 2255 motion. Further, Movant has not cited any evidence to show that he diligently pursued his rights. In fact, he simply contends that he "suffers from depression and left school at 16 [so he] has reasonably diligently brought his claim before the Court." (*Id.*) Movant's emotional state does not demonstrate reasonable diligence. Therefore, this claim is time-barred.[3]

**IV.**

For the reasons stated above, Movant's motion to vacate, set aside, or correct the sentence imposed upon him by this Court will be denied. Because the Court finds that the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), no evidentiary hearing is required.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on statute-of-limitation grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

---

[3] Movant does not allege that he is actually innocent so as to bypass the statute of limitations as provided in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). Because Movant does not raise this argument, the Court will not address it.

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

    A judgment and order will enter in accordance with this opinion.


Dated: March 27, 2017                         /s/ Janet T. Neff
                                                      JANET T. NEFF
                                                      UNITED STATES DISTRICT JUDGE